UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICKEY BATES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV104 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Movant Rickey Bates brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence.  Bates was sentenced to 110 months imprisonment following his conviction by a jury of one count of being a felon in possession of a firearm.  Criminal Case No. 4:07CR368 CDP.  He appealed his conviction and sentence, and the case was affirmed in part, but remanded for further fact finding on one sentencing enhancement.  *United States v. Bates*, 561 F.3d 754 (8th Cir. 2009).  After a hearing, I found that the enhancements applied and imposed the same 110-month sentence.  The Eighth Circuit Court of Appeals affirmed.  *United States v. Bates*, 614 F.3d 490 (8th Cir. 2010).

As grounds for his § 2255 motion, Bates raises three claims of ineffective assistance of counsel.  The record affirmatively refutes Bates's claims, however, so I will deny the motion without a hearing.

## I.    <u>Background</u>

On December 8, 2006, St. Louis Metropolitan Police officers observed a stolen vehicle, occupied by two individuals.  The driver was later identified as Demetrice Thomas, and Bates was the passenger.  Those officers contacted other officers and conducted surveillance.  When the vehicle stopped, two officers activated their lights and drove up behind the vehicle.  Thomas sped away with Bates still in the passenger seat.  Within approximately one block, Thomas drove over spike strips that other officers had placed on the road.  Three of the tires began to rapidly deflate, but Thomas continued to flee until he lost control of the vehicle.  Before it crashed into a utility pole, Thomas and Bates jumped from the vehicle.

After the occupants left the vehicle, police officers exited their car, identified themselves as police officers, and ordered Thomas and Bates to stop. Thomas and Bates continued to flee.  One officer pursued Bates between neighborhood homes and through yards before tackling him.  Bates struggled on

- 2 -

the ground, attempting to reach toward his own waistband.  Eventually, that officer was able to handcuff Bates.  After Bates was restrained, the officer located a loaded and operable .22-caliber pistol in his waistband.  Once he was placed under arrest, they also found .38 grams of crack cocaine in a plastic bag in Bates's coat pocket.

Because Bates was a convicted felon, a federal grand jury indicted him for being a felon in possession of a firearm.  He proceeded to trial on December 17, 2007.  After a two-day trial, the jury found him guilty.  He was sentenced on March 8, 2007, to a term of 110 months imprisonment, followed by a two years of supervised release.

Bates appealed his sentence to the Eighth Circuit Court of Appeals.  He raised two arguments on appeal: (1) I erred in applying U.S.S.G. § 3C1.2's two-level enhancement for recklessly endangering others in the course of fleeing from law enforcement officers; and (2) I erred in applying U.S.S.G. § 2K1.2(b)(6)'s four-level enhancement for possessing a firearm in connection with another felony offense (possession of crack cocaine).  On April 3, 2009, the appellate court affirmed my application of the two-level enhancement for reckless endangerment, but it held that the application of § 2K1.2(b)(6) required further fact finding and remanded on that basis.

- 3 -

I held a re-sentencing hearing on July 10, 2009.  After Bates's counsel made extensive arguments, Bates decided to represent himself.  I ordered appointed counsel to remain as stand-by counsel.  The re-sentencing hearing resumed on August 3, 2009.  After Bates presented his own testimony and the testimony of the two police officers, I again determined that the four-level enhancement under § 2K1.2(b)(6) was appropriate and imposed the same sentence of 110 months imprisonment, followed by two years of supervised release.

Bates again appealed his sentence to the Eighth Circuit.  He argued that I erred in applying the four-level enhancement.  On July 26, 2010, the appellate court determined that the enhancement was properly applied, and it affirmed Bates's sentence.  Bates then timely filed this motion for relief under 28 U.S.C. § 2255.

## II.   <u>Grounds Raised in § 2255 Motion</u>

Bates raises three grounds for relief in his § 2255 motion:

1.   His counsel was ineffective for failing to object at the time of trial, and later for failing to appeal, the seating of a juror who did not participate in the voir dire process;

2.   His counsel was ineffective for failing to present the correct arguments regarding the four-level sentencing enhancement for possession of a firearm in connection with another felony offense;

3.     His counsel was ineffective for failing to present the correct arguments regarding the two-level sentencing enhancement for reckless endangerment during flight.

## III.   <u>Discussion</u>

I will not hold an evidentiary hearing on this motion.  "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and the records of the case conclusively show that [he] is entitled to no relief."  *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citation omitted).  "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based."  *Id.* (internal quotation marks and citation omitted).  Here, as discussed in more detail below, I find that Bates's claims are either inadequate or affirmatively refuted by the records and files before me, and I conclude that no evidentiary hearing is required.

Ineffective Assistance of Counsel

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To state a claim for ineffective assistance of counsel, Bates must prove two elements of the claim.  First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel

was not functioning as the counsel guaranteed the defendant by the Sixth

Amendment." *Id*. at 687.  In considering whether this showing has been

accomplished, "judicial scrutiny of counsel's performance must be highly

deferential."  *Id*. at 689.  The courts seek to "eliminate the distorting effects of

hindsight" by examining counsel's performance from counsel's perspective at the

time of the alleged error.  *Id*.

Second, Bates "must show that the deficient performance prejudiced the

defense."  *Id*. at 687.  This requires him to demonstrate "a reasonable probability

that, but for counsel's unprofessional errors, the result of the proceeding would

have been different." *Id*. at 694.  "The court need not address both components if

the movant makes an insufficient showing on one of the prongs." *Engelen v.*

*United States*, 68 F.3d 238, 241 (8th Cir. 1995).  As a matter of law, counsel

cannot be ineffective for failing to make a meritless argument.  *Rodriguez v.*

*United States*, 17 F.3d 225, 226 (8th Cir. 1994).

### A.     Failure to Object to Juror

Bates first asserts that his trial and appellate counsel were ineffective for

failing to object to a juror who, Bates alleges, did not take part in the voir dire

process.  This argument is clearly refuted by the record.  As I stated in my order of

May 19, 2011, denying the government's motion for a release of the venire panel

list: "I have reviewed the court records and my own notes, and have consulted

with the Clerk of Court.  Our records conclusively show that all jurors selected for

Mr. Bates' criminal trial participated in the voir dire (jury selection) portion of the

case."

In order to obtain a new trial because of an incorrect response of a juror

during voir dire, "a party must first demonstrate that a juror failed to answer

honestly a material question on *voir dire*, and then further show that a correct

response would have provided a valid basis for a challenge for cause."

*McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984).  In this

case, the record clearly shows that the juror in question was present during the

entire voir dire process.  Bates does not specify any question that the juror failed

to answer honestly, nor does he show that there was any basis for striking him

from the jury panel for cause.  Instead, Bates seems to argue that because the juror

did not answer any individual questions, he could not serve as a juror.  Bates's

argument has no basis in law.  As this would have been a meritless argument, his

trial and appellate counsel were not deficient for failing to raise an objection

during trial or on appeal, and this claim of ineffectiveness of counsel fails.

  B.  *Failure to Assert Sixth Amendment Violation for Judicial Fact Finding Regarding the Sentencing Enhancements*

- 7 -

Bates's remaining arguments are that his trial and appellate counsel were ineffective for failing to argue that judicial fact finding by the district court regarding the sentencing enhancements for possession of a firearm in connection with another felony offense and reckless endangerment violated his Sixth Amendment rights. He asserts that these additional facts should have been found by a jury. The Supreme Court has expressly rejected Bates's argument that judicial fact finding at the time of sentencing violates the Sixth Amendment. *See United States v. Booker*, 543 U.S. 220 (2005). The Eighth Circuit has repeatedly held that a district court "is allowed to make findings of facts under a preponderance of the evidence standard to support an enhancement to the guidelines range so long as it treats the Guidelines as advisory." *United States v. Perry*, 548 F.3d 688, 693 (8th Cir. 2008) (citing *United States v. Sandoval-Rodriguez*, 452 F.3d 984, 991 (8th Cir. 2006); *United States v. Hines*, 472 F.3d 1038, 1040 (8th Cir. 2007)).

In this case, I found by a preponderance of the evidence that the firearm possessed by Bates was in connection with his possession of crack cocaine, and that he recklessly endangered others while attempting to flee from law enforcement officers. I also explicitly determined an appropriate sentence by viewing the Guidelines as advisory in his re-sentencing hearing:

- 8 -

> I have considered the types of sentences and the kinds of sentences available under the statute and the guidelines, or advisory guidelines, and I have considered the . . . policy statements and ranges set forth in the advisory guidelines, as well as the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.  I believe under all those circumstances a sentence of 110 months is appropriate.

Therefore, because I found by a preponderance of the evidence the facts necessary to make the enhancements applicable, and because I treated the Guidelines as advisory, Bates's Sixth Amendment arguments are not supported by the law. Additionally, the Court of Appeals affirmed the application of both enhancements. Because this argument has no merit, the performance of Bates's trial and appellate counsel was not deficient for failing to raise it.

Moreover, at the second sentencing hearing, Bates was allowed to represent himself, and he did not raise this Sixth Amendment issue.  He is, in essence, complaining about his own performance at the second sentencing hearing, which is nonsensical.  *See Edgemon v. Lockhart*, 924 F.2d 126, 129 (8th Cir. 1990) ("There is no claim of ineffectiveness of counsel in the . . . proceeding, nor could there be: [defendant] represented himself until almost the end of that proceeding.").

- 9 -

## IV.    Certificate of Appealability

None of Bates's claims merits relief.  Because he has not made a substantial showing of the denial of a federal constitutional right, I will not issue a certificate of appealability.  *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Rickey Bates's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [#1] is DENIED.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability, as Bates has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 16th day of February, 2012.